Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Valerie Moore**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**Bug Police, LLC**, an Arizona company; **Safcik & Sons, LLC**, an Arizona company; **Donald Safcik,** an Arizona resident; and **Ana Safcik,** an Arizona resident;<br><br>Defendants. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Valerie Moore ("**Plaintiff**"), for her Verified Complaint against Defendants Bug Police, LLC; Safcik &, Sons, LLC; Donald Safcik; and Ana Safcik ("**Defendants**"), hereby allege as follows:

## **NATURE OF THE CASE**

1. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); and A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**" or "**AMWS**").

2. This action is also brought to recover overtime and minimum wage compensation, liquidated or double damages, treble damages, and statutory penalties resulting from Defendants' violations of the FLSA and AMWS.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

5. Plaintiff was employed by Defendants in this District.

## PARTIES

6. At all relevant times to the matters alleged herein, Plaintiff Valerie Moore resided in the District of Arizona.

7. Plaintiff Valerie Moore was a full-time employee of Defendants from in or around May 2017 until on or around April 14, 2019.

8. At all relevant times to the matters alleged herein, Plaintiff Valerie Moore was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

9. At all relevant times to the matters alleged herein, Plaintiff Valerie Moore was an employee of Defendants as defined by A.R.S. § 23-362(A).

10. Defendant Bug Police, LLC is a company authorized to do business in Arizona.

11. At all relevant times to the matters alleged herein, Defendant Bug Police, LLC was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

12. At all relevant times to the matters alleged herein, Defendant Bug Police, LLC was Plaintiff's employer as defined by A.R.S. § 23-362(B).

13. Defendant Safcik & Sons, LLC is a company authorized to do business in Arizona.

14. At all relevant times to the matters alleged herein, Defendant Safcik & Sons, LLC was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

15. At all relevant times to the matters alleged herein, Defendant Safcik & Sons, LLC was Plaintiff's employer as defined by A.R.S. § 23-362(B).

16. Defendant Donald Safcik is an Arizona resident.

17. Defendant Donald Safcik has directly caused events to take place giving rise to this action.

18. Defendant Donald Safcik is the owner of Bug Police, LLC.

19. Defendant Donald Safcik is a manager of Bug Police, LLC.

20. Defendant Donald Safcik is an employer of Bug Police, LLC.

21. Defendant Donald Safcik is the owner of Safcik & Sons, LLC.

22. Defendant Donald Safcik is a manager of Safcik & Sons, LLC.

23. Defendant Donald Safcik is an employer of Safcik & Sons, LLC.

24. Defendant Donald Safcik has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

25. Defendant Donald Safcik has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

26. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the

FLSA, Defendant Donald Safcik is an employer.

27. Defendant Donald Safcik had the authority to hire and fire employees.

28. Defendant Donald Safcik had the authority to hire and fire Plaintiff.

29. Defendant Donald Safcik interviewed and hired Plaintiff.

30. Defendant Donald Safcik fired Plaintiff via text message on April 14, 2019.

31. Defendant Donald Safcik supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

32. When Plaintiff tried to create a set work schedule, Defendant Donald Safcik verbally instructed her that she needed to answer all calls and respond to customer needs at all times.

33. Defendant Donald Safcik determined the rate and method of Plaintiff's payment of wages.

34. Defendant Donald Safcik instructed Plaintiff she would be paid every Monday.

35. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Donald Safcik is subject to individual and personal liability under the FLSA.

36. Defendant Ana Safcik is an Arizona resident.

37. Defendant Ana Safcik has directly caused events to take place giving rise to this action.

38. Defendant Ana Safcik is the owner of Bug Police, LLC.

39. Defendant Ana Safcik is a manager of Bug Police, LLC.

40. Defendant Ana Safcik is an employer of Bug Police, LLC.

41. Defendant Ana Safcik is the owner of Safcik & Sons, LLC.

42. Defendant Ana Safcik is a manager of Safcik & Sons, LLC.

43. Defendant Ana Safcik is an employer of Safcik & Sons, LLC.

44. Defendant Ana Safcik has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

45. Defendant Ana Safcik has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

46. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Ana Safcik is an employer.

47. Defendant Ana Safcik had the authority to hire and fire employees.

48. Defendant Ana Safcik had the authority to hire and fire Plaintiff.

49. Defendant Ana Safcik interviewed and hired Plaintiff.

50. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Ana Safcik is subject to individual and personal liability under the FLSA.

51. Upon reasonable belief, during Plaintiff's employment with Defendants, Defendant Ana Safcik and Defendant Donald Safcik were legally married.

52. Defendant Ana Safcik and Defendant Donald Safcik have caused events to take place giving rise to this action as to which their marital community is fully liable.

53. Under the principle of marital community property, all actions by one individual are imputed on the marital community property.

54. Plaintiff further informed, believes, and thereon alleges that each of the

Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

55. Defendants, and each of them, are sued in both their individual and corporate capacities.

56. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

57. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

58. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

59. Plaintiff, in her work for Defendants, regularly handled goods produced and transported in interstate commerce.

60. Plaintiff would regularly use the Internet, email, and phone for scheduling, communications, and confirmations.

61. Plaintiff processed credit card payments through QuickBooks and Bug Police's Chase merchant account.

62. Plaintiff is a covered employee under individual coverage.

## FACTUAL ALLEGATIONS

63. The entity Defendants are a pest control service.

64. In or around May 2017, Plaintiff Valerie Moore commenced employment with Defendants as a secretary.

65. Plaintiff's primary job duties included answering the phone and setting up appointments.

66. A few months after hire, Plaintiff's job duties included scheduling, providing quotes, filing, and inspections.

67. From in or around May 2017 until in or around May 2018, Plaintiff was paid $100 per week.

68. From in or around May 2018 until on or around April 4, 2019, Plaintiff was paid $200 per week.

69. Because Plaintiff received less than the statutory salary basis, Plaintiff was a non-exempt employee.

70. Defendants failed to properly compensate Plaintiff for all her overtime and regular hours.

71. Plaintiff worked in excess of 40 hours per week.

72. Plaintiff was not provided with the required one and one-half times pay premium as required by the FLSA for all her worked overtime hours.

73. For example, during the week of April 9, 2019, Plaintiff estimates that she worked around 75 hours during that period.

74. During that time period Plaintiff did not receive any overtime wages.

75. Plaintiff, therefore, did not receive her FLSA minimum wage, Arizona minimum wage, nor overtime for that time period.

76. Defendants were aware that Plaintiff's working hours exceeded 40 hours.

77. Defendants required her to work overtime as a condition of her employment.

78. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due on her next paycheck.

79. Defendants refused and/or failed to properly disclose or apprise Plaintiff of

her rights under the FLSA.

80. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining her employee rights under the FLSA pursuant to 29 C.F.R. § 516.4.

81. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
## (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

82. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

83. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

84. Plaintiff was an employee entitled to the statutorily mandated minimum wage.

85. Defendants have intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA.

86. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 206.

87. In addition to the amount of unpaid minimum wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

88. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

89. Defendants knew Plaintiff was not being compensated full minimum wages

for time worked.

90. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

91. Defendants have not made a good faith effort to comply with the FLSA.

92. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
## (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

93. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

94. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

95. Defendants intentionally failed and/or refused to pay Plaintiff full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

96. In addition to the amount of unpaid minimum wage owed to Plaintiff, she is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

97. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT III
## (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

98. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

99. At all relevant times, Plaintiff was employed by Defendants within the

meaning of the FLSA.

100. Plaintiff is an employee entitled to the statutorily mandated overtime wages.

101. Defendants have intentionally failed and/or refused to pay Plaintiff overtime wages according to the provisions of the FLSA.

102. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C. § 207.

103. In addition to the amount of unpaid overtime wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

104. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

105. Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages.

106. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

107. Defendants have not made a good faith effort to comply with the FLSA.

108. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

**CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by

failing to pay minimum wages;

ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

iii. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

iv. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

v. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

vi. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

B. For the Court to award compensatory damages, including liquidated or double damages, and / or treble damages, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED January 8, 2021.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd, Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiff

## **VERIFICATION**

Plaintiff Valerie Moore declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

*Valerie K. Moore*
_____
Valerie Moore